### SAMUEL HINDMAN

*v.*

### JAMES J. BORDERS.

AGENT—*when liable for negligence in business.* Where one acts as the agent of another, as a mere act of friendship or neighborly kindness, without reward, he will not be liable to his principal for loss through want of care, unless his negligence is gross.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

This was an action brought by appellee against appellant, before a justice of the peace, and taken by appeal to the circuit court, where a trial was had before the court alone, who found for the plaintiff, and rendered judgment in his favor for $140.

The defendant had collected $140 of rent belonging to the plaintiff, without reward, and instead of forwarding it to the plaintiff left it with his sister, where it was taken from the house by a burglar.

Messrs. SMITH & STEVENS, for the appellant.

Messrs. ALBRIGHT & WHITE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

There is no serious dispute as to the circumstances of this case, and none as to the law. It is not seriously denied that appellant was acting as the agent of appellee, as a mere act of friendship or neighborly kindness, without reward. Nor is it denied that the law will not hold such liable for loss through want of care, unless the negligence in the case is gross.

It is plain that, by the exercise of vigilant care, the loss might have been avoided.

The only question in the case is, was the negligence of appellant gross. The circuit court found that it was. While some members of this court think this finding is not in accord with a fair inference from the circumstances, a majority of this court are of opinion that the finding is not so plainly against the weight of the evidence as to require that the judgment be reversed, and the judgment must, therefore, be affirmed.

*Judgment affirmed.*