# JOHN C. STEWART
## v.
# MARY BUTTS.

*Agency—Whether for Accommodation or for Hire—Responsibility to Principal—Evidence—Instructions.*

In an action brought by a principal against her alleged agent to recover for money lost through his alleged negligence in intrusting the

same to an irresponsible sub-agent who absconded, plaintiff's evidence tending to show that defendant was her agent for reward, while defendant's evidence tended to prove that he merely acted for plaintiff's accommodation, this court holds that an instruction which ignored the distinction between the responsibility of the two classes of agents was fatally erroneous.

[Opinion filed December 12, 1892.]

Appeal from the Circuit Court of Knox County; the Hon. John J. Glenn, Judge, presiding.

Messrs. G. W. Thompson and J. A. McKenzie, for appellant.

Messrs. Fletcher Carney and Williams, Lawrence & Bancroft, for appellee.

Mr. Justice Harker. In 1885 appellee applied to appellant to loan for her, on good security, $500. There being no demand for the money at the rate of interest desired at Galesburg, Illinois, the place of residence of the parties, it was sent to one Ira P. Wetmore, at Des Moines, Iowa, and there placed by Wetmore for three years at eight per cent interest. · The loan seems to have been a safe one, and the interest was paid promptly as it fell due, semi-yearly. At the end of the three years the money, with $175 added to it by appellee, was taken by Wetmore to loan at Des Moines. A pretended loan was made to one Eli Albright, who executed a note to appellee for $675, and a mortgage on real estate in Des Moines to which he had no title. Wetmore fraudulently retained the money, then became involved and insolvent and subsequently absconded to Texas, whereby appellee lost her money. This suit was brought to recover from appellant for the loss sustained by her by reason of Wetmore's acts, and resulted in a judgment against appellant for $675.

The frictional question of fact upon the trial was whether appellee intrusted her money to appellant as her agent to loan for her, or whether he simply recommended Wetmore

as a suitable man to make the loan and forwarded the money to Des Moines as a mere matter of accommodation. Upon this question there was a sharp conflict in the testimony of the parties. She testified that when she applied to him to loan the $500 in 1885, he told her he could loan the money for her in Iowa, on good security, at eight per cent interest; that the loan could be made through a friend of his in that State, with whom he had been doing business, and that if she would let him have the money he would have it safely loaned at that rate and receive his compensation from the borrower; that upon those terms she delivered the money to him; that at the end of the three years she delivered to him the note for $500, and mortgage executed by the party in Iowa, to whom the money had been loaned, and $175 additional to be loaned by him at Des Moines. Appellant, upon the other hand, testified that when appellee applied to him to loan the $500 in 1885, he told her he knew of no one wanting the money in Galesburg, but that an old friend of his living at Des Moines, named Wetmore, had loaned money for members of his family, that he believed Wetmore to be reliable, and if the money was sent to Wetmore, he believed it would be loaned safely; that she thereupon requested him to send the money to Wetmore, which he did. He denied telling her that he would loan the money for her and receive compensation from the borrower, denied being interested with Wetmore in the loan, and claimed that all he did was in a friendly way for accommodation merely. If the testimony of appellee was true, then appellant was her agent for hire and as such liable for all loss sustained by her by reason of his failure to exercise reasonable and ordinary care in loaning the money. Story on Agency, 176; Deshler v. Beers, 32 Ill. 368; Phillips v. Moir, 69 Ill. 155. If the testimony of appellant was true, then he was her agent for accommodation merely and without reward, and as such only liable from gross negligence or fraudulent misrepresentation. Hindman v. Borders, 89 Ill. 336.

As to liability to the principal there is a decided distinction between agents for reward and agents for accommoda-

tion. That distinction was entirely ignored in the plaintiff's second, fourth and seventh instructions. By them the jury were told that if the defendant was acting for the plaintiff, and the defendant turned over the business to Wetmore, as his agent, the defendant would be liable for all loss sustained by reason of the negligent, careless and wrongful acts of Wetmore. In view of the frictional question involved, and the conflict in the testimony thereon, it was highly important that the distinction mentioned should have been observed in the entire series of instructions given. It is not sufficient that the instructions for the defendant clearly defined and set forth that distinction. It can not be determined which instruction the jury followed.

It was contended upon the trial that Stewart, the defendant, was interested with Wetmore in the matter of placing loans at Des Moines, and shared with him compensation for such services. He admitted while upon the witness stand that he in a few instances had received compensation for services in placing money at Des Moines, but denied having received compensation in the main, denied being so interested with Wetmore in the loan made for appellee, and denied that he had represented to parties at Galesburg that he was placing money in Iowa and taking compensation from the borrower. In rebuttal there was offered, and admitted in evidence against objection, a letter written by Stewart on the 24th of February, 1885, to a Miss Louise A. Rowe, in which he stated that he had loaned a great deal of money on real estate security in and about Des Moines, that in ten years he had not lost a dollar, and that he could find a place for her money in a short time after receiving notice. The authorship of the letter was admitted by Stewart while upon the witness stand, for which reason it is here contended that it was error to allow it to go to the jury in rebuttal, and be taken to the jury room. We think the admission of the letter was proper, not as impeachment of anything said by him concerning it as a witness, but as contradictory of his general denial that he was engaged in the business of loaning money in Iowa,

and as a circumstance throwing light upon the relation
between him and Wetmore. It should have been guarded
by an instruction, however, and the court erred in refusing
the defendant's instruction offered for that purpose.

We see no other error in the record. As the case will be
remanded for a new trial, we refrain from expressing any
opinion upon the evidence, or the merits of the controversy.

*Reversed and remanded.*